## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Michael Tur, Ann Marie Tur, | : |
| Henry P. Tur, Jr. and Aline Byrnes | : |
|     Plaintiffs | : |
|        v. | : |
| Lara Sabanosh, Morgan James Publishing, LLC | : |
| and Amy Ripp Coyne | : |
|     Defendants | : Civil Action No. 2:22-cv-03879- BMS |

## MEMORANDUM OF LAW OF DEFENDANT AMY COYNE IN SUPPORT OF HER MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR IMPROPER AND/OR FRAUDULENT JOINDER AND FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO  FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6), AND /OR FOR DISMISSAL OF PUNITIVE DAMAGES CLAIMS

Defendant Amy Coyne ("Ms. Coyne") submits this brief in support of her Motion for an Order dismissing Plaintiffs Michael Tur's, Ann Marie Tur's, Henry P. Tur, Jr.'s, and Aline Byrnes' ("Plaintiffs") Complaint, and the claims alleged therein (sometimes, "Compl.") (CM/ECF Doc. No. 1-5) against her for improper and/or fraudulent joinder and for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Ms. Coyne also seeks the dismissal of the claims against her for punitive damages and joins in the Motion to Dismiss of Defendant Sabanosh.

## I.   INTRODUCTION AND FACTUAL STATEMENT

Plaintiffs instituted their lawsuit in the Philadelphia Court of Common Pleas against only Defendants Sabanosh and Morgan James Publishing LLC.  The lawsuit was instituted when Plaintiffs filed a Praecipe for the Court to Issue a Writ of Summons against these two parties only. Subsequently the Court issued the Writ of Summons only against these two parties. (See Praecipe, Writ, Cover Sheet and Docket contained within Exhibit "A.") After a Rule to Show

Cause was issued by the Court against Plaintiffs for potential non-prosecution for failure to file a Complaint in a timely manner, the Plaintiffs filed a Complaint. The Complaint Plaintiffs filed included Ms. Coyne in the caption of the Complaint and purported to make allegations against her in the body. Plaintiffs, in violation of Pennsylvania Rule of Civil Procedure 1033 did not obtain permission of the other parties or of the Court in order to "join" Ms. Coyne in the lawsuit. The lawsuit was subsequently removed by Defendant Sabanosh to this Court.

The crux of Plaintiffs' claims in the Complaint are made against Defendant Sabanosh and her publisher, Defendant Morgan James Publishing, LLC, for alleged improper statements made in a memoir written by Ms. Sabanosh and published by Morgan James. The claims against Ms. Coyne are based upon her status as Ms. Sabanosh's friend who did not step forward to correct or stop what Plaintiffs claim to be tortious statements against them.  There are no allegations that Ms. Coyne herself made any improper or tortious statements.

Ms. Coyne requests that the Court dismiss the Complaint and claims asserted therein against her as she was not properly joined as a party and because the assertions made against her fail to state claims upon which relief can be granted.  Ms. Coyne also seeks the dismissal of all claims for punitive damages.

Ms. Coyne also joins in Ms. Sabanosh's Motion to Dismiss and asks that the claims asserted against her in the Complaint be dismissed by the Court for the same reasons that Ms. Sabanosh asserts, e.g. that they do not state claims for which relief can be granted.

## II.     ARGUMENT

### A.     Ms. Coyne Was Improperly or Fraudulently Joined As a Party and the Complaint and Claims Asserted Against Her Must Be Dismissed

#### 1.     Improper Joinder

As describe in the Notice of Removal filed by Defendant Sabanosh (Doc.#1), which is incorporated by reference as if fully set forth herein, the Plaintiffs commenced this lawsuit in the Philadelphia Court of Common Pleas by filing a writ of summons, but Ms. Coyne was not named as a party defendant in the writ. (Doc. #1, ¶ 1).  This is clear from the Praecipe to Issue Writ of Summons filed by the Plaintiff in the Philadelphia Court of Common Pleas, as well as the Writ of Summons, the Civil Cover Sheet and the docket, none of which identify Ms. Coyne as a defendant (See Exhibit "A.").  Accordingly Ms. Coyne was not a proper party to the lawsuit when filed, was not properly joined as a defendant, and should not be a party herein.

Because Ms. Coyne was not named as a defendant in Plaintiffs' Writ of Summons, pursuant to Pennsylvania Rule of Civil Procedure 13033, she could only be added as a party if Plaintiffs obtained the consent of the other parties (Ms. Sabanosh and Morgan James) or leave of court. See Pennsylvania Rule of Civil Procedure 1033 which provides that "[a] party, either by filed consent of the adverse party or by leave of court, may at any time change the form of action, add a person as a party, correct the name of a party, or otherwise amend the pleading."  Pa. R. Civ. P. 1033(a).  Plaintiffs did neither and, thus were/are in violation of Rule 1033(a) and the attempted joinder of Ms. Coyne is not effective.  Pa. R. Civ. P 2232 (c) similarly recognizes that a Court order is required for a joinder of an additional defendant.

The Pennsylvania Supreme Court has expressly held that in such circumstances dismissal of the complaint against the improperly joined party is permissible. *Paden v. Baker Concrete*

*Constr.*, 540 Pa. 409, 658 A.2d 341 (1995).[1]  See also, *Freeman v. Inter-Media Mktg.*, 190 A.3d 683 (Pa. Super. Ct. 2018)[2], in which the Court stated:

> We find no abuse of discretion in the trial court's ruling. Although the court gave Freeman permission to file a fourth amended complaint, that permission was in the context of the court's order sustaining the preliminary objections to his third amended complaint. Freeman never requested permission to add Qualfon as a defendant. Furthermore, as the trial court explained, Freeman simply added Qualfon to the caption of his complaint, and did not provide any explanation as why it was not named in the prior four complaints. Accordingly, because we find no abuse of discretion on the part of the trial court, we affirm the dismissal of the complaint against Qualfon.

*Freeman v. Inter-Media Mktg.*, 190 A.3d 683 (Pa. Super. Ct. 2018).

Accordingly, as Ms. Coyne was not a properly joined party in the Court of Common Pleas at the time of the removal to this Court, she is not a proper Defendant herein and the Complaint and claims against her should be dismissed.

### 2.    Fraudulent Joinder

Notwithstanding that Ms. Coyne was not properly or effectively joined as a Defendant in the Court of Common Pleas and, thus was not a party at the time of removal to this Court, review of the allegations in the Complaint clearly disclose that she was named as a defendant only to defeat removal on the basis of diversity of citizenship. (See Notice of Removal at paragraphs 23-28 (Doc. #1).  Ms. Coyne  joins in and incorporates by reference, as if fully set forth herein, the argument presented by Defendant Sabanosh in her Notice of Removal on this issue (fraudulent joinder) (Doc. # 1). Accordingly, the Complaint and the claims against her in this lawsuit should be dismissed.

---

[1] The Pennsylvania Supreme Court granted allocatur to consider the following question: "May a trial court dismiss a plaintiff's complaint against a party defendant joined after commencement of the action without leave of court in violation of Pa.R.Civ.P. 1033, even where the improper joinder works no prejudice against the improperly joined defendant or the other parties to the suit?" *Paden*,  658 A.2d at 343.

[2] Non-Precedential Decision.

**B.     The Complaint and Claims Against Ms. Coyne Must Be Dismissed For Failure to State Claims Upon Which Relief Can Be Granted.**

**1.     Standard of Review**

Ms. Coyne seeks the dismissal of Plaintiffs' Complaint against her for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). To survive this Motion to Dismiss, the Court must consider more than Plaintiffs' "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Instead, the Court must analyze the Complaint, and the claims contained therein to determine if there are "enough facts to state a claim to relief that is plausible on its face." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). The Supreme Court has explained that Rule 8 does not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79 ("While legal conclusions can provide the framework of a Complaint, they must be supported by factual allegations.")

The Third Circuit employs a three-step analysis to determine whether a complaint meets the pleading requirements of Rule 8. This analysis consists of: "(1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). In conducting this analysis, "a court must take well-pleaded facts as true but need not credit a complaint's 'bald assertions' or 'legal conclusions.'" *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429 (3d Cir. 1997). In sum, "[a] motion to dismiss pursuant to Rule 12(b)(6) may be granted only if, accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Id.* at 1420.

> ## 2. Counts I-V of the Complaint Must Be Dismissed As to Ms. Coyne For Failure to State a Claim

The Complaint purports to make claims against all Defendants for Libel (Count I), Invasion of Privacy False Light (Count II), Invasion of Privacy Intrusion Upon Seclusion (Count III), Invasion of Privacy Public Disclosure of Private Facts (Count IV), and Intentional Infliction of Emotional Distress (Count V), but the allegations stated in the Complaint against Ms. Coyne do not support such claims.

As is clear from the Complaint, and as described in the Notice of Removal and Motion to Dismiss and supporting Brief filed by Defendant Sabanosh (Doc. #5), the crux of the case is that Plaintiffs take issue with the contents of a book written by Defendant Sabanosh and published by Defendant Morgan James Publishing, LLC. The claims against Ms. Coyne are based only on her status as a friend of Defendant Sabanosh. There are no allegations that Ms. Coyne made any libelous or derogatory statements or took any action against Plaintiffs. Principally the claims against her are that she knew that statements made by Defendant Sabanosh were derogatory and took no action to prevent the dissemination of these statements.

The Complaint's 42 pages and 244 paragraphs allege very few facts with respect to Ms. Coyne. They are set forth below, with potentially operative facts being highlighted:

> 53. The book was published by Defendant Morgan James Publishing, and **the afterword indicates that Sabanosh's best friend and witness to much of the described conduct, defendant Amy Ripp Coyne, participated in the drafting and editing of the book. Ripp Coyne has also participated in promoting the book on social media.**
>
> 64. In fact, Sabanosh has no doctoral degrees whatsoever and was lying about her academic accomplishments to make her and her book seem more authoritative and credible. **Defendant Amy Ripp Coyne knew these claims were false.**
>
> 110. What actually happened is that Sabanosh left a voicemail for Pam Tur asking for a call back. Pam could not reach Sabanosh, so she called Savannah, but Savannah was understandably distraught and not able to speak. **Defendant Amy Ripp Coyne was present and took the phone and told Pam and Mike what had happened**. At this point, Mike and Pam called Hank and Sandy, and Hank and Sandy drove to Ann Marie Tur's house and told her in person that Chris was dead.

111. Ann Marie had no inkling there was a problem with Chris until Hank and Sandy told her that Chris had died. **Defendant Ripp Coyne knew this.**

123. Shortly after Sabanosh moved to a hotel, one of the daughters had a 15th birthday party. All Plaintiffs attended to show support despite Sabanosh's behavior; the child was blameless. **Defendant Ripp Coyne was also present with a guest.**

187. Defendant Amy Ripp Coyne is a resident and citizen of Schwenksville, Pennsylvania

188. **Ripp Coyne is Sabanosh's best friend and was present for many of the events described in this complaint.** She knew Chris Tur was dead before Chris's own family, and in fact was the person who informed them the Turs that Chris had died.

189. **Sabanosh's book expresses "gratitude to those who have been undeniable pillars throughout my process, people such as Amy . . .".**

190. **On information and belief, defendant Ripp Coyne reviewed, edited, provided input, and participated in drafting the book knowing and intending that it be published.**

191. **Defendant Ripp Coyne knew that several incidents described in the book are false and/or that they disclose private facts which should never have been published, but she nevertheless participated in helping publish and publicly disclose them.** This includes the false account of how the Tur family found out about Chris's death and Sabanosh's related defamatory accusations about Ann Marie Tur, and the false facts disseminated about the birthday dinner at the Japanese restaurant.

192. **After the book's publication, Ripp Coyne then participated in Sabanosh's promotional campaign on social media.**

207. As described above, **Defendant Amy Ripp Coyne knew or should have known that several of the false statements in the book were false.**

211. Sabanosh has also engaged in an extensive publicity campaign to promote the book, doing what is believed to be dozens of interviews, extensively compounding the damage. **Defendant Ripp Coyne has also participated in this publicity campaign with the intent of widely disseminating the book and its allegations and disclosures.**

225. Sabanosh had access to the Turs because she was their in-law for many years, **and Ripp Coyne had access because she was Sabanosh's friend.**

Importantly, there are no allegations that Ms. Coyne herself made any statements that could

be considered defamatory or tortious, or that she undertook any actions that were tortious.

Plaintiffs' claims against Ms. Coyne are all derivative of, and based on the allegations made in paragraphs 53, 190 and 191of the Complaint that Ms. Coyne  participated in the drafting, editing and publishing of the book, but this allegation is only based upon "information and belief" and is belied by the actual statements in the Complaint.  In this regard, paragraphs 53 states that the "information and belief" is supported by language in the book's "afterword." This paragraphs states in pertinent part:

> . . . the **afterword indicates** that Sabanosh's best friend and witness to much of the described conduct, defendant **Amy Ripp Coyne, participated in the drafting and editing of the book.** (emphasis added).

The language of the Afterword, however, does not support this allegation.  The Afterword (attached as Exhibit "B") makes only one reference to Ms. Coyne:

> . . . In the end, the only people I will forever protect are my daughters. But that will never detract from my gratitude to those who have been undeniable pillars throughout my process, people such as Amy, Kristie, my parents . . . and of course, now, my grown girls.

The reference in the Afterword to Ms. Coyne is identical to the references made about "Kristie," and Ms. Sabanosh's parents and her daughters (Plaintiffs' grandchildren/nieces), who Plaintiffs did not include as defendants in the Complaint they filed. This supports the conclusion that Ms. Coyne was included in the Complaint only to defeat removal on the basis of diversity.

Based upon the fact that the Afterword clearly does not say, or even infer that Ms. Coyne participated in the drafting and editing of the book, which is directly contrary to Plaintiffs' assertions in paragraph 53 of the Complaint, and on which Plaintiffs' claims are premised, it is clear that the Complaint does not state plausible facts to support its theory of liability against Ms. Coyne. *See Roggio v. McElroy, Deutsch, Mulvaney & Carpenter,* 415 Fed. App'x 432, 433 (3d Cir. 2011) (citing to *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)), leading to the conclusion that the claims against her should be dismissed.

     **a)**    **Count I-Libel Must Be Dismissed As to Ms. Coyne For Failure to State a Claim Upon Which Relief Can Be Granted.**

As Plaintiffs acknowledge in paragraph 200 of the Complaint: "The elements of libel are: 1) the defamatory character of the communication; 2) its publication by the defendant; 3) its application to the plaintiff; 4) an understanding by the reader or listener of its defamatory meaning; and 5) an understanding by the reader or listener of an intent by the defendant that the statement refer to the plaintiff." *See also*, *Corabi v. Curtis Publishing Company*, 441 Pa. 432, 273 A.2d 899 (1971) (Generally, to state a cause of action for defamation in Pennsylvania, the plaintiff must allege the defamatory character of the communication, publication, that the communication refers to the plaintiff, the third party's understanding of the communication's defamatory character and its reference to the plaintiff).

The elements are also set forth in 42 Pa. Cons. Stat. Ann. § 8343:

> (a) Burden of plaintiff. — In an action for defamation, the plaintiff has the burden of proving, when the issue is properly raised:
>
> > (1) The defamatory character of the communication.
> >
> > (2) Its publication by the defendant.
> >
> > (3) Its application to the plaintiff.
> >
> > (4) The understanding by the recipient of its defamatory meaning.
> >
> > (5) The understanding by the recipient of it as intended to be applied to the plaintiff.
> >
> > (6) Special harm resulting to the plaintiff from its publication.
> >
> > (7) Abuse of a conditionally privileged occasion.

The allegations of the Complaint against Ms. Coyne do not satisfy these five elements, particularly as there no facts presented that Ms. Coyne **made or published** a defamatory communication. *Joseph v. Scranton Times L.P.*, 959 A.2d 322, 334 (Pa. Super. Ct. 2008) ("""Defamation, of which libel, slander, and invasion of privacy are methods, is the tort of

detracting from a person's reputation, or injuring a person's character, fame, or reputation, by false and malicious statements." ).  31 P.L.E. LIBEL AND SLANDER § 1 (2022).

Because there are no facts presented that Ms. Coyne made or published any false and malicious statements, Count I of the Complaint, which purports to state a claim for libel must be dismissed as to her for failing to state a claim.

> **b)      Count II- Invasion of Privacy False Light Must Be Dismissed As to Ms. Coyne For Failure to State a Claim Upon Which Relief Can Be Granted.**

Plaintiffs acknowledge at Complaint Paragraph 215 that "[t]he elements of false light are (1) giving publicity to a matter concerning plaintiff, (2) that places plaintiff before the public in a false light, (3) which would be highly offensive to a reasonable person."

One needs to place another in a false light for this tort to stand and there are no facts alleged that Ms. Coyne placed Plaintiffs in a false light.

Nor does the Complaint state a claim against Ms. Coyne  for Invasion of Privacy-False Light because there are no facts in the Complaint that support the allegation that she acted with knowledge of, or in reckless disregard as to the falsity of any publicized manner and the false light under which Plaintiffs claim they were placed. *Krajewski v. Gusoff*, 53 A.3d 793, 2012 PA Super 166 (2012); *Seale v. Gramercy Pictures*, 964 F. Supp. 918 (E.D. Pa. 1997), aff'd without op., 156 F.3d 1225 (3d Cir. Pa. 1998); *Rush v. Philadelphia Newspapers, Inc.*, 732 A.2d 648 (Pa. Super. Ct. 1999); 48 P.L.E. TORTS § 125 (2022).

The Plaintiffs, in order to prevail on such a claim, also have the burden of proving by clear and convincing evidence that Ms. Coyne made a false portrayal, done with actual malice. *Krajewski v. Gusoff*, 53 A.3d 793, 2012 PA Super 166 (2012); *Seale v. Gramercy Pictures*, 964 F. Supp. 918 (E.D. Pa. 1997), aff'd without op., 156 F.3d 1225 (3d Cir. Pa. 1998); 48 P.L.E. TORTS § 125 (2022). The Complaint asserts no such facts and makes no such allegations against

Ms. Coyne and, accordingly, this claim against Ms. Coyne must be dismissed for failure to state a claim.

      **c)**    **Count III-Invasion of Privacy Intrusion Upon Seclusion Must Be Dismissed As to Ms. Coyne For Failure to State a Claim Upon Which Relief Can Be Granted.**

Plaintiffs acknowledge at Complaint Paragraph 222 that " [t]he elements of intrusion upon seclusion are (1) an intrusion into a private seclusion that the plaintiff has thrown about his person or affairs, (2) the interference with the plaintiff's seclusion is substantial, and (3) the interference would be highly offensive to the ordinary reasonable person."

It is only one who intentionally intrudes upon the seclusion of another is subject to liability for invasion of privacy. 48 P.L.E. TORTS § 123 (2022). There are no facts alleged that would support such a conclusion against Ms. Coyne.

Further, under Pennsylvania law, the tort of intrusion upon seclusion may occur by physical intrusion into the place where a person has secluded himself or herself; use of one's senses to oversee or overhear another's private affairs; or some other form of investigation or examination into a person's private concerns. *Borse v. Piece Goods Shop, Inc.*, 963 F.2d 611 (3d Cir. Pa. 1992); 48 P.L.E. TORTS § 123 (2022). Again, there are no facts alleged that would support such a conclusion against Ms. Coyne.

Moreover, Liability for intrusion upon seclusion will attach only when intrusion is substantial and would be highly offensive to an ordinary reasonable person. *Borse v. Piece Goods Shop, Inc.,* 963 F.2d 611 (3d Cir. Pa. 1992); *O'Donnell v. United States*, 891 F.2d 1079 (3d Cir. Pa. 1989); *Harris v. Easton Pub. Co.,* 335 Pa. Super. 141, 483 A.2d 1377 (1984); 48 P.L.E. TORTS § 123 (2022). No facts supporting these requirements are asserted by Plaintiffs against Ms. Coyne.  It is clear from the Complaint that there are no facts alleged that Ms. Coyne intruded into the Plaintiffs' private seclusion in a substantial manner and that such intrusion would be highly

offensive to an ordinary reasonable person. For this reason too, the Complaint fails to state a claim against Ms. Coyne for this theory of liability.

> **d)      Count IV-Invasion of Privacy Public Disclosure of Private Facts Must Be Dismissed As to Ms. Coyne For Failure to State a Claim Upon Which Relief Can Be Granted.**

As Plaintiffs acknowledge at Complaint Paragraph 231: "The elements of public disclosure of private facts are (1) publicity, (2) given to private facts, (3) which would be highly offensive to a reasonable person, (4) not of a legitimate concern to the public." *See also, Bowley v. City of Uniontown Police Dep't*, 404 F.3d 783 (3d Cir. Pa. 2005).*Harris v. Easton Pub. Co.,* 335 Pa. Super. 141, 483 A.2d 1377 (1984).48 P.L.E. TORTS § 124 (2022).

The allegations against Ms. Coyne do not satisfy these elements as there are no facts asserted or allegation that she disclosed any private facts.

Additionally, there was no action by Ms. Coyne that could be considered  to be highly offensive to the Plaintiffs.

Accordingly, this claim against Ms. Coyne must be dismissed for failure to state a claim.

> **e)      Count V-Intentional Infliction of Emotional Distress Must Be Dismissed As to Ms. Coyne For Failure to State a Claim Upon Which Relief Can Be Granted.**

The tort of intentional infliction of emotional distress requires four elements: (1) the conduct must be extreme and outrageous; (2) the conduct must be intentional or reckless; (3) the conduct must cause emotional distress; and (4) the distress must be severe. citing to *Jean Anderson Hierarchy of Agents v. Allstate Life Ins. Co.*, 2 F. Supp. 2d 688 (E.D. Pa. 1998);  *Kazatsky v. King David Memorial Park*, 515 Pa. 183, 527 A.2d 988, 991 (1987); *Stouch v. Brothers of Order*, 836 F. Supp. 1134, 1144-1145 (E.D.Pa. 1993), citing, *inter alia*, *Williams v. Guzzardi*, 875 F.2d 46, 51 (3rd Cir. 1989); Restatement (Second) of Torts § 46.; 48 P.L.E. TORTS § 92

(2022),  Plaintiffs have not and cannot assert any facts against Ms. Coyne that would satisfy

these elements.

As recognized in *Jean Anderson Hierarchy of Agents v. Allstate Life Ins. Co.*, 2 F. Supp. 2d

688, 693-94 (E.D. Pa. 1998) with respect to intention infliction of emotional distress "[l]iability

will only be found where the conduct has been so outrageous in character and so extreme in

degree as to go beyond all possible bounds of decency as to be regarded as atrocious and utterly

intolerable in a civilized community." *Citing to  Stouch, supra.* at 1145; *Malia v. RCA*

*Corporation*, 690 F. Supp. 334, 336 (M.D.Pa. 1988); *Rittenhouse Regency Affiliates v. Passen*,

333 Pa. Super. 613, 615, 482 A.2d 1042, 1043 (1984), citing, *inter alia*, *Martin v. Little Brown*

*and Co.*, 304 Pa. Super. 424, 432, 450 A.2d 984, 988 (1988).

Other authorities have  similarly recognize that to satisfy the requirement that conduct be

extreme and outrageous, the conduct must be so outrageous in character, and so extreme in

degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and

utterly intolerable in a civilized society. *Hines v. Proper*, 442 F. Supp. 2d 216 (M.D. Pa. 2006);

*Zugarek v. S. Tioga Sch. Dist.*, 214 F. Supp. 2d 468 (M.D. Pa. 2002); *Sanders v. City of Phila.*,

209 F. Supp. 2d 439 (E.D. Pa. 2002).48 P.L.E. TORTS § 92 (2022). The alleged conduct of Ms.

Coyne does not satisfy these requirements.

There also must be an allegation of physical harm, which was not made by Plaintiffs in the

Complaint. See *Reedy v. Evanson,* 615 F.3d 197 (3d Cir. 2010) in which the  Third Circuit Court

of Appeals denied a claim of intentional infliction of emotional distress under Pennsylvania law,

because the plaintiff did not allege a physical harm resulted from the defendant's conduct.

(Quoting *Field v. Phila. Elec. Co.*, 388 Pa. Super. 400, 565 A.2d 1170, 1184 (Pa. Super. Ct.

1989) ("'a plaintiff must suffer some type of resulting physical harm due to the defendant's

outrageous conduct." *Id.* Liability on an intentional infliction of emotional distress claim "has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.")

The Complaint does not allege any actions by Ms. Coyne that could be considered extreme and outrageous, nor that her actions caused the Plaintiffs physical harm and thus this claim must be dismissed as to Ms. Coyne.

> **f)**      **Counts I-V Must Be Dismissed As to Ms. Coyne for the Same Reasons Set Forth In the Motion to Dismiss of Defendant Sabanosh, Which Motion is Joined In and Incorporated by Reference by Ms. Coyne.**

The claims made in this lawsuit against Ms. Coyne are derivative of those made against Defendant Sabanosh, in that the claims are that Ms. Coyne participated or assisted in Ms. Sabanosh's tortious or wrongful statements and actions. Ms. Sabanosh has filed a Motion to Dismiss, with Supporting Memorandum of Law stating why the Plaintiffs' claims fail to state claims upon which relief can be granted. (Doc. #5). Ms Sabanosh's Motion and Memorandum of Law are incorporated by reference as if fully set forth herein. Ms. Coyne joins in the Motion filed by Ms. Sabanosh, and the relief requested therein, and asserts and requests that the same relief be granted to Ms. Coyne e.g. that the claims against Ms. Coyne should be dismissed for the same reasons set forth by Ms. Sabanosh.  These include:

> a. Plaintiffs' claim for Libel (Compl., Count I) fails to state a claim upon which relief can be granted because the statements complained of are not capable of defamatory meaning as a matter of law;
> b. Plaintiffs' claims for Invasion of Privacy – False Light (Compl., Count II), Invasion of Privacy – Intrusion upon Seclusion (Compl., Count III), and Invasion of Privacy – Public Disclosure of Private Facts (Compl., Count IV) fail to state a claim upon which relief can be granted because the statements complained of are not highly offensive to a reasonable person; and

    c.   Plaintiffs' claim for Intentional Infliction of Emotional Distress (Compl., Count V) fails to state a claim upon which relief can be granted because the statements complained of are not extreme and outrageous as a matter of law.

**C.    Notwithstanding that All Claims Against Ms. Coyne Must Be Dismissed For Failure to State A Claim, In The Event Any Claim is Not Dismissed in Its/Their Entirety, The Claims For Punitive Damages Against Ms. Coyne are Not Permissible And Must Be Dismissed**

Punitive damages are not appropriate or permissible against Ms. Coyne. As stated in *Jean Anderson Hierarchy of Agents v. Allstate Life Ins. Co.*, 2 F. Supp. 2d 688, 694 (E.D. Pa. 1998), "[p]unitive damages . . . are awarded under Pennsylvania law to punish a defendant for outrageous conduct, which is defined as an act which, in addition to creating actual damages, also imports insult or outrage and is committed with a view to oppress or is done in contempt of plaintiffs' rights" (citing to *Klinger v. State Farm Mutual Automobile Insurance Co.*, 115 F.3d 230, 235 (3rd Cir. 1997); *see also*, *Delahanty v. First Pennsylvania Bank, N.A.*, 318 Pa. Super. 90, 464 A.2d 1243, 1263 (1983). "In order to prove entitlement to punitive damages under Pennsylvania law, a plaintiff must prove malice, vindictiveness and a wholly wanton disregard for the rights of others," (citing to *Advanced Medical, Inc. v. Arden Medical Systems, Inc.*, 955 F.2d 188, 202 (3rd Cir. 1992)).

The Complaint clearly does not assert sufficient facts against Ms. Coyne to support a claim of and recovery for punitive damages.

As such, all claims for punitive damages against Ms. Coyne must be dismissed.

**III.    CONCLUSION**

Defendant Amy Coyne respectfully requests that this Court dismiss the Complaint and all claims against her for improper and/or fraudulent joinder and for failure to state a claim upon which relief can be granted.  In the event that one or more counts in the Complaint is not dismissed, Amy Coyne requests that all claims for punitive damages be stricken.

Respectfully submitted,


BY: */s/ Stephen J. Galati*
Stephen J. Galati, Esquire
Mattioni, Ltd.
Federal Reserve Bank Building
100 North Independence Mall West, Suite 5A NW
Philadelphia, PA 19106-1559
sgalati@mattioni.com
Tel:, 215-629-1600
Fax.: 215-923-2227
Attorney for Defendant Amy Coyne



Dated: October 13, 2022

CERTIFICATE OF SERVICE

The undersigned hereby certifies that the Motion to Dismiss of Amy Coyne and the Supporting

Memorandum of Law were this date filed via the Court's CM/ECF System and, as such, are

deemed served on all counsel and parties of record.


*/s/ Stephen J. Galati*
Stephen J. Galati

Dated: October 13, 2022

17

FRANCIS ALEXANDER, LLC
Francis Malofiy, Esquire
Attorney ID No.: 208494
280 N. Providence Road | Suite 1
Media, PA 19063
T: (215) 500-1000
F: (215) 500-1005
*Law Firm / Lawyer for Plaintiffs*



*Filed and Attested by the*
*Office of Judicial Records*
*04 MAY 2022 07:53 pm*
*S. RICE*

THE COURT OF COMMON PLEAS
PHILADELPHIA COUNTY, PENNSYLVANIA

| | |
|---|---|
| MICHAEL TUR | CIVIL ACTION NO.: |
| ANN MARIE TUR | |
| HENRY P. TUR, JR. | MAY. TERM, 2022 |
| ALINE BYRNES | |
| *Plaintiff* | |
| V. | |
| | *JURY TRIAL DEMANDED* |
| LARA SABANOSH; | |
| MORGAN JAMES PUBLISHING, LLC; | |
| *Defendants* | |

PRAECIPE TO ISSUE WRIT OF SUMMONS
CIVIL ACTION

**TO THE PROTHONOTARY:**

Kindly issue the Writ of Summons in the above-captioned action, attached below.

Respectfully submitted,
FRANCIS ALEXANDER, LLC
*/s/ Francis Malofiy*
Francis Malofiy, Esquire
Attorney ID No.: 208494
280 N. Providence Road | Suite 1
Media, PA 19063
T: (215) 500-1000
F: (215) 500-1005
*Law Firm / Lawyer for Plaintiff*
*/d/ May 4, 2022*



**EXHIBIT**
*A*

# CERTIFICATE OF SERVICE

I hereby state that a true and correct copy of the foregoing PRAECIPE TO ISSUE WRIT OF SUMMONS | CIVIL ACTION is being filed with the Court of record and thereafter being served to the Defendants listed below in accordance with the Pennsylvania rules:

LARA SABANOSH
9741 Quail Hollow Blvd.
Pensacola, FL 32514
T: (904) 302-4877
E: lmsabanosh@gmail.com

MORGAN JAMES PUBLISHING, LLC
C/O Raymond H. Suttle, Jr., Esq.
701 Town Center Drive, Suite 800
Newport News, VA 23606

*****

*Respectfully submitted,*
FRANCIS ALEXANDER, LLC
*/s/ Francis Malofiy*
Francis Malofiy, Esquire
Attorney ID No.:  208494
280 N. Providence Road | Suite 1
Media, PA 19063
T:  (215) 500-1000
F:  (215) 500-1005
*Law Firm / Lawyer for Plaintiffs*
*/d/   May 4, 2022*

Summons
Citacion

# Commonwealth of Pennsylvania
## COUNTY OF PHILADELPHIA

Michael Tur; Ann Marie Tur; Henry
P. Tur, Jr.; Aline Byrnes

*Plaintiff*

vs.

Lara Sabanosh; Morgan James Publishing, LLC

*Defendant*

:
:
:
:
:
:
:
:
:
:

*Filed and Attested by the
Office of Judicial Records
04 MAY 2022 07:53 pm*

COURT OF COMMON PLEAS

May _____ Term, 20 22 _____

No. _____

To[1]

Lara Sabanosh
9741 Quail Hollow Blvd.
Pensacola, FL 32514

Morgan James Publishing, LLC
701 Town Center Drive,
Suite 800
Newport News, VA 23606

# Writ of Summons

You are notified that the Plaintiff[2]
*Usted esta avisado que el demandante*

| Michael Tur | Ann Marie Tur | Henry P. Tur, Jr. | Aline Byrnes |
|---|---|---|---|
| 236 Chatham Place | 418 Primrose Rd. | 113 Deer Run Rd., | 39 Franklin Avenue, |
| Lansdale, Pa 19446 | Lansdale, Pa. 19446 | Perkasie, Pa. 18944 | Souderton, PA 18964 |

Has (have) commenced an action against you.
*Ha (han) iniciado una accion en contra suya.*



ERIC FEDER
*Director, Office of Judicial Records*

By: _____

Date: _____ May 4, 2022 _____



10-208 (Rev. 6/14

---

[1] Name(s) of Defendant(s)
[2] Name(s) of Plaintiff(s)

Case ID: 220500433

# Court of Common Pleas

May _____ Term, 20 22

No. _____

Michael Tur; Ann Marie Tur; Henry
P. Tur, Jr.; Aline Byrnes

_____

*Plaintiff*

vs.

Lara Sabanosh; Morgan James Publishing, LLC

_____

*Defendant*

# SUMMONS

Case ID: 220500433

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**MAY 2022**

E-Filing Number: 2205009369

**000433**

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| MICHAEL TUR | LARA SABANOSH |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 236 CHATHAM PLACE<br>LANSDALE PA 19446 | 9741 QUAIL HOLLOW BLVD<br>PENSACOLA FL 32514 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| ANN MARIE TUR | MORGAN JAMES PUBLISHING, LLC |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 418 PRIMROSE RD.<br>LANSDALE PA 19446 | 701 TOWN CENTER DRIVE SUITE 800<br>NEWPORT NEWS VA 23606 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| HENRY P. TUR JR. | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 113 DEER RUN RD.<br>PERKASIE PA 18944 | |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 4 | 2 | ☐ Complaint  ☐ Petition Action  ☐ Notice of Appeal<br>☒ Writ of Summons  ☐ Transfer From Other Jurisdictions |

**AMOUNT IN CONTROVERSY**
☐ $50,000.00 or less
☒ More than $50,000.00

**COURT PROGRAMS**
☐ Arbitration  ☐ Mass Tort  ☐ Commerce  ☐ Settlement
☒ Jury  ☐ Savings Action  ☐ Minor Court Appeal  ☐ Minors
☐ Non-Jury  ☐ Petition  ☐ Statutory Appeals  ☐ W/D/Survival
☐ Other:

**CASE TYPE AND CODE**
2L - LIBEL, SLANDER, MISREPRESENT

**STATUTORY BASIS FOR CAUSE OF ACTION**

**RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)**

**FILED PRO PROTHY**

MAY **04** 2022

**S. RICE**

IS CASE SUBJECT TO COORDINATION ORDER?   YES   NO

**TO THE PROTHONOTARY:**

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: MICHAEL TUR , ANN MARIE TUR , HENRY P TUR JR., ALINE BYRNES

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| FRANCIS MALOFIY | FRANCIS ALEXANDER, LLC<br>280 N. PROVIDENCE ROAD<br>SUITE 1<br>MEDIA PA 19063 |

| PHONE NUMBER | FAX NUMBER | |
|---|---|---|
| (215)500-1000 | (215)500-1005 | |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 208494 | francis@francisalexander.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| FRANCIS MALOFIY | Wednesday, May 04, 2022, 07:53 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

## COMPLETE LIST OF PLAINTIFFS:

1. MICHAEL TUR
   236 CHATHAM PLACE
   LANSDALE PA 19446
2. ANN MARIE TUR
   418 PRIMROSE RD.
   LANSDALE PA 19446
3. HENRY P. TUR JR.
   113 DEER RUN RD.
   PERKASIE PA 18944
4. ALINE BYRNES
   39 FRANKLIN AVE.
   SOUDERTON PA 18964





### Civil Docket Report

A $5 Convenience fee will be added to the transaction at checkout.

## Case Description

| | |
|---|---|
| **Case ID:** | 220500433 |
| **Case Caption:** | TUR ETAL VS SABANOSH ETAL |
| **Filing Date:** | Wednesday, May 04th, 2022 |
| **Court:** | MAJOR JURY-COMPLEX |
| **Location:** | CITY HALL |
| **Jury:** | JURY |
| **Case Type:** | LIBEL, SLANDER, MISREPRESENT |
| **Status:** | NOT OF REMOVAL TO US DIST CT |
| **Cross Reference:** | DC 2022CV03879 |

## Related Cases

*No related cases were found.*

## Case Event Schedule

*No case events were found.*

## Case motions

*No case motions were found.*

## Case Parties

| Seq # | Assoc | Expn Date | Type | Name |
|---|---|---|---|---|
| 1 | | | ATTORNEY FOR PLAINTIFF | MALOFIY, FRANCIS |
| **Address:** | FRANCIS ALEXANDER, LLC 280 N. PROVIDENCE ROAD SUITE 1 MEDIA PA 19063 (215)500-1000 francis@francisalexander.com | **Aliases:** | *none* | |
| | | | | |
| 2 | 1 | | PLAINTIFF | TUR, MICHAEL |

| | | | | |
|---|---|---|---|---|
| **Address:** | 236 CHATHAM PLACE<br>LANSDALE PA 19446 | **Aliases:** | *none* | |
| | | | | |
| 3 | 1 | | PLAINTIFF | TUR, ANN MARIE |
| **Address:** | 418 PRIMROSE RD.<br>LANSDALE PA 19446 | **Aliases:** | *none* | |
| | | | | |
| 4 | 1 | | PLAINTIFF | TUR JR., HENRY P |
| **Address:** | 113 DEER RUN RD.<br>PERKASIE PA 18944 | **Aliases:** | *none* | |
| | | | | |
| 5 | 10 | | DEFENDANT | SABANOSH, LARA |
| **Address:** | 9741 QUAIL HOLLOW BLVD<br>PENSACOLA FL 32514 | **Aliases:** | *none* | |
| | | | | |
| 6 | 11 | | DEFENDANT | MORGAN JAMES PUBLISHING LLC |
| **Address:** | 701 TOWN CENTER DRIVE<br>SUITE 800<br>NEWPORT NEWS VA 23606 | **Aliases:** | *none* | |
| | | | | |
| 7 | 1 | | PLAINTIFF | BYRNES, ALINE |
| **Address:** | 39 FRANKLIN AVE.<br>SOUDERTON PA 18964 | **Aliases:** | *none* | |
| | | | | |
| 8 | | | TEAM LEADER | ANDERS, DANIEL J |
| **Address:** | 529 CITY HALL<br>PHILADELPHIA PA 19107 | **Aliases:** | *none* | |
| | | | | |

| 9 | | | DEFENDANT | AMY , COYNE RIPP |
|---|---|---|---|---|
| **Address:** | 67 ASHLEY DRIVE SCHWENKSVILLE PA 19473 | **Aliases:** | *none* | |
| | | | | |
| 10 | | | ATTORNEY FOR DEFENDANT | GODFREY, NICHOLAS J |
| **Address:** | 1300 SIX PPG PLACE PITTSBURGH PA 15222 (412)288-5861 nicholas.godfrey@dinsmore.com | **Aliases:** | *none* | |
| | | | | |
| 11 | | | ATTORNEY FOR DEFENDANT | DOLICH, MICHAEL |
| **Address:** | 1601 MARKET STREET, 16TH FLOOR PHILADELPHIA PA 19103 (215)561-4300 dolich@bbs-law.com | **Aliases:** | *none* | |

## Docket Entries

| Filing Date/Time | Docket Type | Filing Party | Disposition Amount |
|---|---|---|---|
| 04-MAY-2022 07:53 PM | ACTIVE CASE | | |
| **Docket Entry:** | E-Filing Number: 2205009369 | | |
| | | | |
| 04-MAY-2022 07:53 PM | COMMENCEMENT CIVIL ACTION JURY | MALOFIY, FRANCIS | |
| **Documents:** | 🖉 Click link(s) to preview/purchase the documents Final Cover | 🛒 **Click HERE to purchase all documents related to this one docket entry** | |
| **Docket Entry:** | *none.* | | |

| 04-MAY-2022 07:53 PM | PRAE TO ISSUE WRIT OF SUMMONS | MALOFIY, FRANCIS | |
|---|---|---|---|
| **Documents:** | ✂ Click link(s) to preview/purchase the documents<br>2022.05.04 - FILED - Praecipe to Issue Writ of Summons.pdf<br>2022.05.04 - FILED - Writ of Summons.pdf | 🛒 **Click HERE to purchase all documents related to this one docket entry** | |
| **Docket Entry:** | PRAECIPE TO ISSUE WRIT OF SUMMONS FILED. WRIT OF SUMMONS ISSUED. | | |
| | | | |
| 04-MAY-2022 07:53 PM | JURY TRIAL PERFECTED | MALOFIY, FRANCIS | |
| **Docket Entry:** | 12 JURORS REQUESTED. | | |
| | | | |
| 04-MAY-2022 07:53 PM | WAITING TO LIST CASE MGMT CONF | MALOFIY, FRANCIS | |
| **Docket Entry:** | none. | | |
| | | | |
| 24-JUL-2022 03:07 PM | LISTED FOR CASE MGMT CONF | | |
| **Docket Entry:** | none. | | |
| | | | |
| 27-JUL-2022 12:31 AM | NOTICE GIVEN | | |
| **Docket Entry:** | OF CASE MANAGEMENT CONFERENCE SCHEDULED FOR 08-AUG-2022. | | |
| | | | |
| 08-AUG-2022 01:18 PM | WAITING TO LIST RULE DATE | GIAMPAOLO, ANTHONY | |
| **Docket Entry:** | LACK OF SERVICE; NO COMPLAINT; NO MEMO | | |
| | | | |
| 08-AUG-2022 02:01 PM | AFFIDAVIT OF SERVICE FILED | MALOFIY, FRANCIS | |

| Documents: | ⚒ Click link(s) to preview/purchase the documents VERIFIED_RETURN_OF_SERVICE P222692 - Sabanosh.pdf | 🛒 **Click HERE to purchase all documents related to this one docket entry** |
|---|---|---|
| **Docket Entry:** | AFFIDAVIT OF SERVICE OF PLAINTIFF'S WRIT OF SUMMONS UPON LARA SABANOSH BY ON 08/01/2022 FILED. (FILED ON BEHALF OF ALINE BYRNES, HENRY P TUR, ANN MARIE TUR AND MICHAEL TUR) | |

| 08-AUG-2022 03:38 PM | AFFIDAVIT OF SERVICE FILED | MALOFIY, FRANCIS | |
|---|---|---|---|
| **Documents:** | ⚒ Click link(s) to preview/purchase the documents Affidavit.7431860.Morgan James Publishing LLC-corrected.pdf | 🛒 **Click HERE to purchase all documents related to this one docket entry** | |
| **Docket Entry:** | AFFIDAVIT OF SERVICE OF PLAINTIFF'S WRIT OF SUMMONS UPON MORGAN JAMES PUBLISHING LLC BY AUTHORIZED AGENT IN CHARGE IN PLACE USUAL PLACE OF BUSINESS ON 08/02/2022 FILED. (FILED ON BEHALF OF ALINE BYRNES, HENRY P TUR, ANN MARIE TUR AND MICHAEL TUR) | | |

| 10-AUG-2022 11:31 AM | AFFIDAVIT OF SERVICE FILED | MALOFIY, FRANCIS | |
|---|---|---|---|
| **Documents:** | ⚒ Click link(s) to preview/purchase the documents AOS P222692 - Sagbanosh - Affidavit.pdf | 🛒 **Click HERE to purchase all documents related to this one docket entry** | |
| **Docket Entry:** | AFFIDAVIT OF SERVICE OF PLAINTIFF'S WRIT OF SUMMONS UPON LARA SABANOSH BY PERSONAL SERVICE ON 08/01/2022 FILED. (FILED ON BEHALF OF ALINE BYRNES, HENRY P TUR, ANN MARIE TUR AND MICHAEL TUR) | | |

| 16-AUG-2022 02:36 PM | LISTED RULE RETURNABLE DATE | | |
|---|---|---|---|
| **Documents:** | ⚒ Click link(s) to preview/purchase the documents CLLRR_12.pdf | 🛒 **Click HERE to purchase all documents related to this one docket entry** | |
| **Docket Entry:** | A RULE IS HEREBY ISSUED UPON, FRANCIS MALOFIY, ESQUIRE, TO SHOW CAUSE WHY THIS MATTER SHOULD NOT BE NON-PROSSED FOR FAILURE TO FILE A COMPLAINT IN A TIMELY MANNER AND FOR FAILURE TO FILE A CASE MANAGEMENT MEMORANDUM, AS DIRECTED IN THE SCHEDULING ORDER. RULE RETURNABLE IS SCHEDULED FOR SEPTEMBER 12, 2022, AT 9:00 A.M., USING ZOOM VIDEO-CONFERENCING SERVICES. ALL COUNSEL AND UNREPRESENTED PARTIES SHALL APPEAR VIA VIDEOCONFERENCE | | |

| | | | |
|---|---|---|---|
| | UNLESS THE CASE IS SETTLED OR WITHDRAWN. IF THIS CASE IS SETTLED OR WITHDRAWN, COUNSEL MUST NOTIFY THE COURT IMMEDIATELY IN WRITING. ...BY THE COURT; ANDERS, J. 8-16-22 | | |
| | | | |
| 16-AUG-2022 02:36 PM | NOTICE GIVEN UNDER RULE 236 | | |
| **Docket Entry:** | NOTICE GIVEN ON 16-AUG-2022 OF LISTED RULE RETURNABLE DATE ENTERED ON 16-AUG-2022. | | |
| | | | |
| 29-AUG-2022 01:15 PM | RULE ISSUED | ANDERS, DANIEL J | |
| **Documents:** | ⚒ Click link(s) to preview/purchase the documents RLFIS_14.pdf | 🛒 **Click HERE to purchase all documents related to this one docket entry** | |
| **Docket Entry:** | AMENDED RULE...A RULE IS HEREBY ISSUED UPON, FRANCIS MALOFIY, ESQUIRE, TO SHOW CAUSE WHY THIS MATTER SHOULD NOT BE NON-PROSSED FOR FAILURE TO FILE A COMPLAINT IN A TIMELY MANNER AND FOR FAILURE TO FILE A CASE MANAGEMENT MEMORANDUM, AS DIRECTED IN THE SCHEDULING ORDER. RULE RETURNABLE IS RESCHEDULED FOR SEPTEMBER 13, 2022, AT 9:00 A.M., USING ZOOM VIDEO-CONFERENCING SERVICES. ALL COUNSEL AND UNREPRESENTED PARTIES SHALL APPEAR VIA VIDEOCONFERENCE UNLESS THE CASE IS SETTLED OR WITHDRAWN. IF THIS CASE IS SETTLED OR WITHDRAWN, COUNSEL MUST NOTIFY THE COURT IMMEDIATELY IN WRITING. ...BY THE COURT; ANDERS, J. 8-29-22 | | |
| | | | |
| 29-AUG-2022 01:15 PM | NOTICE GIVEN UNDER RULE 236 | | |
| **Docket Entry:** | NOTICE GIVEN ON 29-AUG-2022 OF RULE ISSUED ENTERED ON 29-AUG-2022. | | |
| | | | |
| 09-SEP-2022 01:12 AM | COMPLAINT FILED NOTICE GIVEN | MALOFIY, FRANCIS | |
| **Documents:** | ⚒ Click link(s) to preview/purchase the documents 2022.09.09 - Tur v. Sabanosh - Complaint (FILED).pdf | 🛒 **Click HERE to purchase all documents related to this one docket entry** | |
| **Docket Entry:** | COMPLAINT WITH NOTICE TO DEFEND WITHIN TWENTY (20) DAYS AFTER SERVICE IN ACCORDANCE WITH RULE 1018.1 FILED. (FILED ON BEHALF OF ALINE BYRNES, HENRY P TUR, ANN MARIE TUR AND | | |

| | MICHAEL TUR) | | |
|---|---|---|---|
| | | | |
| 09-SEP-2022 01:12 AM | JURY TRIAL PERFECTED | MALOFIY, FRANCIS | |
| **Docket Entry:** | 12 JURORS REQUESTED. | | |
| | | | |
| 14-SEP-2022 04:19 AM | ORDER ENTERED/236 NOTICE GIVEN | ANDERS, DANIEL J | |
| **Documents:** | 🔖 Click link(s) to preview/purchase the documents ORDER_18.pdf | 🛒 Click HERE to purchase all documents related to this one docket entry | |
| **Docket Entry:** | BASED UPON THE RULE RETURNABLE HEARING HELD ON SEPTEMBER 13, 2022, THE RULE IS DISSOLVED WITHOUT FURTHER ACTION. IT IS FURTHER ORDERED THAT A MANDATORY CASE MANAGEMENT CONFERENCE WILL BE SCHEDULED IN SIXTY THIRTY (30) DAYS. ...BY THE COURT; ANDERS, J. 9-13-22 | | |
| | | | |
| 14-SEP-2022 04:19 AM | NOTICE GIVEN UNDER RULE 236 | | |
| **Docket Entry:** | NOTICE GIVEN ON 15-SEP-2022 OF ORDER ENTERED/236 NOTICE GIVEN ENTERED ON 14-SEP-2022. | | |
| | | | |
| 14-SEP-2022 04:24 AM | WAITING TO LIST CASE MGMT CONF | ANDERS, DANIEL J | |
| **Docket Entry:** | *none.* | | |
| | | | |
| 14-SEP-2022 11:38 AM | LISTED FOR CASE MGMT CONF | | |
| **Docket Entry:** | *none.* | | |
| | | | |
| 16-SEP-2022 12:30 AM | NOTICE GIVEN | | |
| **Docket Entry:** | *none.* | | |

| 25-SEP-2022 02:37 PM | ENTRY OF APPEARANCE | GODFREY, NICHOLAS J | |
|---|---|---|---|
| **Documents:** | ✂ Click link(s) to preview/purchase the documents<br>Tur (PA) - NJG Praecipe for Entry of Appearance (TBF).pdf | 🗲 **Click HERE to purchase all documents related to this one docket entry** | |
| **Docket Entry:** | ENTRY OF APPEARANCE OF NICHOLAS J GODFREY FILED. (FILED ON BEHALF OF LARA SABANOSH) | | |

| 26-SEP-2022 02:53 PM | CASE MGMT CONFERENCE COMPLETED | ITALIANO, THERESA | |
|---|---|---|---|
| **Docket Entry:** | *none.* | | |

| 26-SEP-2022 02:53 PM | CASE MANAGEMENT ORDER ISSUED | | |
|---|---|---|---|
| **Documents:** | ✂ Click link(s) to preview/purchase the documents<br>CMOIS_25.pdf | 🗲 **Click HERE to purchase all documents related to this one docket entry** | |
| **Docket Entry:** | CASE MANAGEMENT ORDER COMPLEX TRACK - AND NOW, 26-SEP-2022, it is Ordered that: 1. The case management and time standards adopted for complex track cases shall be applicable to this case and are hereby incorporated into this Order. 2. All discovery on the above matter shall be completed not later than 04-DEC-2023. 3. Plaintiff shall identify and submit curriculum vitae and expert reports of all expert witnesses intended to testify at trial to all other parties not later than 02-JAN-2024. 4. Defendant and any additional defendants shall identify and submit curriculum vitae and expert reports of all expert witnesses intended to testify at trial not later than 05-FEB-2024. 5. All pre-trial motions shall be filed not later than 05-FEB-2024. 6. A settlement conference may be scheduled at any time after 04-MAR-2024. Prior to the settlement conference all counsel shall serve all opposing counsel and file a settlement memorandum containing the following: (a) A concise summary of the nature of the case if plaintiff or of the defense if defendant or additional defendant; (b) A statement by the plaintiff or all damages accumulated, including an itemization of injuries and all special damages claimed by categories and amount;(c) Defendant shall identify all applicable insurance carriers, together with applicable limits of liability. 7. A pre-trial conference will be scheduled any time after 06-MAY-2024. Fifteen days prior to pre-trial conference, all counsel shall serve all opposing counsel and file a pre-trial memorandum containing the following:(a) A concise summary of the nature of the case if plaintiff or the defense if defendant or additional defendant;(b) A list of all witnesses who may be called to testify at trial by name and address. Counsel should expect witnesses not listed to be | | |

precluded from testifying at trial;(c) A list of all exhibits the party intends to offer into evidence. All exhibits shall be pre-numbered and shall be exchanged among counsel prior to the conference. Counsel should expect any exhibit not listed to be precluded at trial;(d) Plaintiff shall list an itemization of injuries or damages sustained together with all special damages claimed by category and amount. This list shall include as appropriate, computations of all past lost earnings and future lost earning capacity or medical expenses together with any other unliquidated damages claimed; and (e) Defendant shall state its position regarding damages and shall identify all applicable insurance carriers, together with applicable limits of liability;(f) Each counsel shall provide an estimate of the anticipated length of trial. 8. It is expected that the case will be ready for trial 03-JUN-2024, and counsel should anticipate trial to begin expeditiously thereafter. 9. All counsel are under a continuing obligation and are hereby ordered to serve a copy of this order upon all unrepresented parties and upon all counsel entering an appearance subsequent to the entry of this order. ...BY THE COURT: DANIEL ANDERS, J.

| 26-SEP-2022 02:53 PM | LISTED FOR SETTLEMENT CONF | | |
|---|---|---|---|
| **Docket Entry:** | *none.* | | |

| 26-SEP-2022 02:53 PM | LISTED FOR PRE-TRIAL CONF | | |
|---|---|---|---|
| **Docket Entry:** | *none.* | | |

| 26-SEP-2022 02:53 PM | LISTED FOR TRIAL | | |
|---|---|---|---|
| **Docket Entry:** | *none.* | | |

| 26-SEP-2022 02:53 PM | NOTICE GIVEN UNDER RULE 236 | | |
|---|---|---|---|
| **Docket Entry:** | NOTICE GIVEN ON 26-SEP-2022 OF CASE MANAGEMENT ORDER ISSUED ENTERED ON 26-SEP-2022. | | |

| 28-SEP-2022 11:54 AM | ENTRY OF APPEARANCE | DOLICH, MICHAEL | |
|---|---|---|---|

| **Documents:** | ✂ Click link(s) to preview/purchase the documents<br>Entry of Appearance.pdf | 🛒 **Click HERE to purchase all documents**<br>**related to this one docket entry** | |
|---|---|---|---|
| **Docket Entry:** | ENTRY OF APPEARANCE OF MICHAEL DOLICH FILED. (FILED ON BEHALF OF MORGAN JAMES PUBLISHING LLC) | | |
| | | | |
| 28-SEP-2022<br>11:54 AM | JURY TRIAL PERFECTED | DOLICH, MICHAEL | |
| **Docket Entry:** | 12 JURORS REQUESTED. | | |
| | | | |
| 29-SEP-2022<br>12:59 PM | NOT OF REMOVAL TO US DIST CT | GODFREY, NICHOLAS J | |
| **Documents:** | ✂ Click link(s) to preview/purchase the documents<br>Tur (PA) - Notice of Filing Notice of Removal (TBF).pdf | 🛒 **Click HERE to purchase all documents**<br>**related to this one docket entry** | |
| **Docket Entry:** | NOTICE OF REMOVAL TO THE U.S. (EASTERN) DISTRICT COURT UNDER 2:22-CV-03879. (FILED ON BEHALF OF LARA SABANOSH) | | |
| | | | |
| 03-OCT-2022<br>04:09 PM | RECORD MAILED/TRANSMITTED | | |
| **Docket Entry:** | RECORD MAILED TO U.S. DISTRICT COURT, SENT UNDER UPS# 1Z 5E3 003 03 0735 9860. | | |

▶ Case Description    ▶ Related Cases    ▶ Event Schedule    ▶ Case Parties    ▶ Docket Entries

Search Home    Return to Results

# AFTERWORD

I have been repeatedly asked one question by friends—ex-friends now—prosecutors, defense attorneys, and others through the years. I want to address it here.

*Am I in love with J.R.?*

To me, the answer is, and has always been, far more complicated than anyone could ever understand. Most won't value me or my answer enough to hear me, to listen without judgment, especially when the reasons they ask always have ulterior motives. I think there is value in truth, so I choose to address it here.

I have loved J.R. since the moment he asked me to dance at the Admiral's Call. I don't love him in the salacious sense that everyone seems to assume. I have loved and will love him for the respect he showed me and will be forever grateful to him for helping me see *me*. There is no greater gravity of emotion, no better words I can use, to explain how I feel when I think of him. I have often answered *no, I don't love him* because I believe people don't listen to me when I try to explain this; people hear what they want to hear. They (the media, Chris's family, prosecutors, and others) believe I am pining over J.R. or am *in love* with

221

**EXHIBIT**

tabbies

*B*

222 | CAGED

him. Or they assume I am trying to protect "the Captain." None of this is true.

I continue to carry a large measure of guilt that J.R. has paid substantial consequences for a man who was spiraling out of control long before J.R. ever met either of us.

The truth is: Without J.R., I don't know where I would be today. He showed me what would be possible if I could muster just an ounce of self-love and the resolve to fight for something better for myself and my girls.

In the end, the only people I will forever protect are my daughters. But that will never detract from my gratitude to those who have been undeniable pillars throughout my process, people such as Amy, Kristie, my parents . . . and of course, now, my grown girls.