IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL TUR, | : | CIVIL ACTION |
| ANN MARIE TUR, | : | |
| HENRY P. TUR, JR., and | : | |
| ALINE BYRNES | : | |
| | : | |
| v. | : | |
| | : | |
| LARA SABANOSH, | : | |
| MORGAN JAMES PUBLISHING, LLC, | : | |
| and AMY RIPP COYNE | : | NO. 22-3879 |

## MEMORANDUM OPINION

**Savage, J.**                                                              **February 14, 2023**

When the defendants removed this libel and invasion of privacy action from the state court, they asserted that the plaintiffs misjoined and fraudulently joined a non-diverse defendant to defeat diversity jurisdiction. They request that we disregard the citizenship of that defendant and dismiss her from this action. Moving to remand, plaintiffs argue that there is a good faith basis for the claims against the non-diverse defendant.

We conclude that the defendants have not met their burden to demonstrate that the non-diverse defendant was misjoined or fraudulently joined. Therefore, we shall grant the motion and remand this action to the state court.

The plaintiffs, family members of the late Christopher Tur, claim the defendants libeled them and Christopher in a book authored by defendant Lara Sabanosh with the assistance of defendant Amy Ripp Coyne. Sabanosh's book is about her marriage to Christopher Tur, her relationship with his family, and her version of events surrounding his death. The plaintiffs, Ann Marie Tur, Michael Tur, Henry Tur, Jr., and Aline Byrnes, allege that the novel contains falsehoods that harmed their reputation, invaded their

privacy, and inflicted emotional distress on them.[1]

## Analysis

For diversity jurisdiction to exist, the opposing parties must be citizens of different states and the amount in controversy must exceed $75,000. No plaintiff can be a citizen of the same state as any defendant. 28 U.S.C. § 1332(a); *Peace Church Risk Retention Grp. v. Johnson Controls Fire Prot. LP*, 49 F.4th 866, 870 (3d Cir. 2022) (quoting *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 34 (3d Cir. 2018)). When removal is based on diversity, complete diversity between the parties must have existed when the complaint was filed and at the time of removal. *In re Lipitor Antitrust Litig.*, 855 F.3d 126, 151 (3d Cir. 2017).

The plaintiffs are Pennsylvania citizens. Defendant Sabanosh is a Florida citizen. Defendant Morgan James Publishing LLC, which published the book, is a Virginia citizen. Coyne is a Pennsylvania citizen.

Defendants argue that Coyne was both misjoined and fraudulently joined. If either is correct, complete diversity will not exist.

Misjoinder is the joining of a defendant who does not belong in the case because her joinder does not satisfy the requirements of Federal Rule of Civil Procedure 20. Rule 20(a) permits a plaintiff to join defendants if the claims against them arose out of the same transaction or occurrence and there is a common question of law or fact linking their claims. Fed. R. Civ. P. 20(a). Stated conversely, "[m]isjoinder occurs when there is no common question of law or fact or when…the events that give rise to the plaintiff's claims

---

[1] Compl. ¶¶ 205, 211, 212, 224, ECF No. 1-5 (attached as Ex. E to Notice of Removal, ECF No. 1).

against defendants do not stem from the same transaction." *DirectTV, Inc. v. Leto*, 467 F.3d 842, 844–45 (3d Cir. 2006).

Defendants argue that Coyne was misjoined because she was not named in the Praecipe for Writ of Summons, but only later in the Complaint.[2] This, they contend, violated Pennsylvania Rule of Civil Procedure 1033, which requires plaintiffs to obtain defendants' consent or leave of court before adding a defendant to the action.[3] The defendants argue that the plaintiffs misjoined Coyne when they added her to the Complaint without consent or court order.[4]

What occurred before removal is not relevant. At the time of removal, Coyne was a defendant.

Coyne's joinder satisfies the Rule 20 requirements. The tort claims asserted against her are the same as those asserted against the other defendants. The facts and law are common to the defendants. The plaintiffs accuse Coyne of having participated in the creation and promotion of the alleged defamatory novel authored by Sabanosh and published by Morgan Publishing. The claims against her arose out of the same transaction or occurrence. Therefore, Coyne was not misjoined.

Defendants also assert that Coyne was fraudulently joined because plaintiffs did not plead plausible facts to support their theory of liability against Coyne.[5] They maintain that the plaintiffs cannot rely upon information and belief to allege facts stating a cause of

---

[2] Notice of Removal ¶ 22.

[3] *Id.*

[4] *Id.*

[5] *Id.* ¶ 26.

3

action against Coyne.[6] They are wrong. A claim premised upon information and belief is sufficient "[w]here it can be shown that the requisite factual information is peculiarly within the defendant's knowledge or control" and it contains more than boilerplate and conclusory allegations. *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). Defendants argue that even accepting the allegations about Coyne as true, they do not state claims against her, showing that her joinder is fraudulent.

Fraudulent joinder is an exception to the complete diversity requirement for removal. *Avenatti v. Fox News Network LLC*, 41 F.4th 125, 133 (3d Cir. 2022) (citing *In re Briscoe*, 448 F.3d 201, 215–16 (3d Cir. 2006)). If the removing defendant establishes that a non-diverse defendant was fraudulently joined to defeat diversity, the court disregards the citizenship of the non-diverse defendant for the purpose of determining diversity and dismisses the non-diverse defendant. *In re Briscoe*, 448 F.3d at 216. On the other hand, if the court determines that joinder was not fraudulent, it must remand. *Id.* (citing 28 U.S.C. § 1447(c)).

The removing party has a heavy burden of persuading a court that joinder is fraudulent. *Brown v. JEVIC*, 575 F.3d 322, 326 (3d Cir. 2009); *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992) (citation omitted). This heavy burden is imposed to effectuate the strong presumption against removal jurisdiction. *Batoff*, 977 F.2d at 851 (quoting *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987).

The fraudulent joinder inquiry is less probing than the standard for deciding a Rule 12(b)(6) motion to dismiss or a summary judgment motion. *Batoff*, 977 F.2d at 852.

---

[6] *Id.*

Joinder is fraudulent only where there is no reasonable factual or colorable legal basis to support the claim against the non-diverse defendant or the plaintiff has no real intention of pursuing the action against that defendant. *Avenatti*, 41 F.4th at 133 (quoting *Batoff*, 977 F.2d at 851-52). Any uncertainty as to the controlling substantive law is resolved in favor of the plaintiff. *JEVIC*, 575 F.3d at 326 (quoting *In re Briscoe*, 448 F.3d at 217). The possibility that the state court might find that the complaint states a cause of action against the non-diverse defendant requires remand. *Id.* Unless the claim is "wholly insubstantial and frivolous," joinder will not be deemed fraudulent. *In re Briscoe*, 448 F.3d at 218 (quoting *Batoff*, 977 F.2d at 852). Hence, only where it is clear that there is no possibility the state court will entertain the action against the non-diverse defendant will the joinder be deemed fraudulent. *Id*. at 219.

In evaluating the alleged fraudulent joinder, we focus on the complaint at the time of removal, accepting the factual allegations as true. *JEVIC*, 575 F.3d at 326 (quoting *In re Briscoe*, 448 F.3d at 217). Nevertheless, we may look beyond the complaint, but only to the extent that it bears on the threshold jurisdictional inquiry. We may consider records from prior proceedings and matters subject to judicial notice. *In re Briscoe*, 448 F.3d at 220. We do not conduct a merits inquiry. Nor can we consider the merits of a defense. *Id.* at 218 (citing *Boyer v. Snap-on Tools Corp.*, 913 F.2d 112–13 (3d Cir.1990)).

Sabanosh, citing her own declaration, claims that Coyne "did not draft, edit, review, or promote [the book]."[7] This statement is a defense to the plaintiffs' claims. We may not consider the merits of a defense in determining whether joinder is fraudulent. *See In re*

---

[7] Def. Lara Sabanosh's Br. in Opp'n to Pls.' Mot. to Remand at 2, ECF No. 16.

*Briscoe*, 448 F.3d at 218. We look to the Complaint to determine whether the allegations state a cause of action that the state court would allow to proceed.

Accepting the facts alleged in the Complaint as true, we conclude that the claims against Coyne are not frivolous or unsubstantiated. On the contrary, the allegations make out a claim that Coyne is jointly and severally liable. According to the Complaint, Coyne witnessed several events that the book recounts falsely.[8] Despite knowing the book contained false and defamatory statements, Coyne worked with Sabanosh and intended the book to be published.[9] She promoted the book on social media, knowing that defamatory details were false and invaded the plaintiffs' privacy.[10]

Based on the allegations in the complaint, a Pennsylvania court would find the Complaint states a cause of action against Coyne. The plaintiffs allege that Coyne was intentionally complicit in the libel and publication. Therefore, we cannot conclude that the state court would preclude recovery against her.

## Conclusion

We conclude that the defendants have not established that Coyne was misjoined or fraudulently joined. Therefore, we shall grant the motion to remand to state court.

---

[8] Compl. ¶¶ 188, 191.

[9] *Id.* ¶¶ 190–91.

[10] *Id.* ¶¶ 191–92.